```
                                                                    FILED
        UNITED STATES DISTRICT COURT                              OCT 2 2 2018
        FOR THE DISTRICT OF COLUMBIA
                                                              Clerk, U.S. District and
                                                                Bankruptcy Courts
```

MANES PIERRE,                    )
                                 )
            Plaintiff,            )
                                 )
    v.                           )         Civil Action No. 1:18-cv-01649 (UNA)
                                 )
                                 )
CLINTON FOUNDATION, et al.,      )
                                 )
            Defendants.          )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

1

Plaintiff[1] brings wide-ranging allegations against defendants, Clinton Foundation, Theresa Bisenius, Roseanne Ellen Caracciolo, Bevan Brunelle, the State of Massachusetts, and three towns located in Massachusetts. Compl. at caption. Plaintiff's complaint is 36 pages, single-spaced, and presents sweeping and disjointed allegations. He brings numerous causes of action, some recognized and some not, and cites a litany of statutes, restatements, declarations, treaties, and conventions. *See, e.g., id.* at 1–4, 6–11, 17–22.

Plaintiff's allegations include, but are not limited to: theft and destruction of tribal lands in "Haiti, North America, and [the] Town of Delmas," child kidnapping in Massachusetts, neglect, murder, human rights violations, defamation, fraud, employment discrimination, racial discrimination, systematic "environmental racism," "family separation," constitutional violations, violations of the Massachusetts Constitution, violations of the International Convention on the Elimination of All Forms of Racial Discrimination, and violations of the Apartheid Convention. *Id.* These allegations range from the 1700's to present. *Id.* Any connection between these claims and the named defendants are nebulous to completely unclear. Plaintiff seeks a variety of injunctive and declaratory relief, and asks the Court to compel a variety of individuals, entities, and governments to engage in certain actions. *Id.* at 16–17, 22–3.

The complaint is compound, rambling, and fails to provide adequate notice of a claim. The complaint also fails to set forth allegations with respect to this Court's jurisdiction over plaintiff's entitlement to relief or a valid basis for any award of damages. While it is evident that plaintiff is

---

[1] At times throughout the complaint it appears that plaintiff requests relief on behalf of his tribe ("Plaintiff Tribe") and/or other groups of people. *See, e.g.*, Compl. at 1–4, 11–13, 16–17, 22. The Supreme Court has interpreted 28 U.S.C. § 1915(a)(1) to apply only to individuals or natural persons. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–2 (1993). Further, plaintiff, proceeding *pro se*, may not obtain IFP status on behalf others or pursue the case on behalf of others. *Id.*; 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984).

generally aggrieved with defendants for a variety of reasons, as drafted, the complaint fails to meet the minimum pleading standard set forth in Rule 8(a). Therefore, the Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

Date: October **16**, 2018

United States District Judge